IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 12-00098-KD-B |
| | ) |
| ALVIN JONES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on defendant Alvin Jones' request for good conduct time pursuant to the First Step Act of 2018 (doc. 44). Jones asserts that he was entitled to receive "70 days GCT when the First Step Act was passed" but his release date was changed from June 8, 2021 to April 25, 2021, a period of 44 days. (Id.).

Section 102(b)(1) of the First Step Act of 2018 amended 18 U.S.C. § 3624(b)(1). The statute now states that "[a] prisoner who is serving a term of imprisonment of more than 1 year[1] ... may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1). Thus, the determination regarding good conduct credit is initially made by the Federal Bureau of Prisons.

Jones disputes the BOP's determination of his credit after the First Step Act amended 18 U.S.C. § 3624(b)(1) and now asks the Court to review the determination. However, judicial review

---

[1] Jones pled guilty to possession with intent to distribute cocaine base (Count 1) and possession of a firearm during a drug trafficking offense (Count 4). In October 2012, he was sentenced to a total term of 126 months, comprised of 66 months for Count 1 and 60 months consecutive as to Count 4 (doc. 33, Judgment). In 2015, his sentence as to Count 1 was reduced to 60 months pursuant to Amendment 782 to the United States Sentencing Guidelines (doc. 40).

of the BOP's determination is available by way of a petition for habeas corpus pursuant to 28 U.S.C. § 2241 filed after exhaustion of any administrative review procedure available through the BOP, and not a post-judgment motion in this criminal action. United States v. Bravo, 2020 WL 859472, *1 (D. Ks. Feb. 21, 2020) (slip copy) ("The court turns, then, to defendant's request for an order directing the BOP to recalculate his good-time credit. This aspect of defendant's motion must be filed as a petition for habeas corpus under 28 U.S.C. § 2241 rather than as a post-judgment motion in defendant's criminal case.").

Also, upon exhaustion of the BOP's administrative review procedures, he must file any § 2241 petition challenging the decision, in the district court in the district where he is incarcerated. See Vance v. United States, 476 Fed. Appx. 234, 234 (11th Cir. Aug. 6, 2012) (finding that "the district court lacked subject-matter jurisdiction to entertain the petition because '[s]ection 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.'…"). The BOP's Inmate Locator and the return address on Jones' envelope indicate that he is incarcerated at United States Penitentiary Big Sandy in Inez, Kentucky. Since he is not incarcerated in the Southern District of Alabama, this Court would not have jurisdiction over a § 2241 petition.

Accordingly, Jones' request that the Court review and correct the BOP's determination, the motion is denied. To the extent that his request could be construed as a § 2241 petition for the same relief, it is dismissed for lack of subject matter jurisdiction.

**DONE** and **ORDERED** this 13th day of April 2020.

> s/ Kristi K. DuBose
> KRISTI K. DuBOSE
> **CHIEF UNITED STATES DISTRICT JUDGE**